UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENYA BROWN,
    *Plaintiff*,

v().

DR. RICARDO RUIZ *et al.*,
    *Defendants*.

No. 3:18-cv-01235 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Kenya Brown is a prisoner at Cheshire Correctional Institution, a Connecticut Department of Correction facility. He has filed a complaint *pro se* and *in forma pauperis* against medical personnel at Cheshire, alleging that they have been deliberately indifferent to his serious medical needs and interfered with the grievance process. Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that Brown's complaint should proceed against defendants Ruiz, Koslawy, Lavetc, and McClain.

## BACKGROUND

The complaint names seven defendants, Dr. Ricardo Ruiz, Dr. Monica Farinella, Nurse Cindy Lavetc, APRN Maria Koslawy, Nurse Stephanie McClain, and Nurse Nicole Karabesto.[1] The following allegations are accepted as true for the purposes of the Court's initial review.

Since May 2016, Brown has been incarcerated at Cheshire Correctional Institution where Dr. Ruiz and APRN Koslawy currently provide his care. Doc. #1 at 3 (¶ 4). Brown has yearly examinations by an endocrinologist and a neuro-ophthalmologist to monitor his diagnosis of pituitary adenoma. *Id*. at 3–4 (¶¶ 6, 11). At each exam from 2016 to 2018 Brown was given a

---

[1] Although Brown names Nurse Jane Ventrella as a defendant in his complaint, he has since filed a notice voluntarily dismissing his claims against her because her participation in the alleged constitutional violations was "de minimus at best." Doc. #15. All claims against Nurse Ventrella are therefore dismissed.

regimen, including blood work, an MRI, and medication, but Dr. Ruiz, APRN Koslawy, and Nurse Lavetc failed to follow the regimen. *Ibid.* (¶¶ 7, 12). Brown believes that in 2016 the specialists prescribed a certain dosage of calcium that he has yet to receive. *Id.* at 3 (¶ 8). Brown has not received an annual MRI from 2016 through 2018. *Id.* at 4 (¶ 10). Brown experiences continuing headaches, fatigue, lack of calcium, depression from chemical imbalance, and skin issues. Doc. #1 at 4 (¶¶ 14).

In May 2018, the neuro-ophthalmologist wrote to Dr. Ruiz with concerns about the lack of monitoring of Brown's condition. *Ibid.* (¶ 15). Brown has submitted numerous medical grievances to Nurse McClain requesting medication prescribed by the specialists. *Id.* at 5 (¶ 17). Brown alleges that Nurses Karabesto and McClain intentionally withheld or diverted Brown's grievances to create the false perception that he would be scheduled to see the doctor. *Id.* at 6 (¶¶ 21–22).

From June 2016 through June 2018, Brown has had to rely on Dr. Ruiz and Nurse Koslawy for medical care and to write the prescriptions recommended by the specialists. *Id.* at 8 (¶ 29). Although they were aware of the recommendations, they did not implement them. *Id.* at 8–9 (¶¶ 32–34). Nurse Lavetc ignored Brown's need for calcium supplements to address fatigue. *Id.* at 9 (¶¶ 35–36).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations

of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Brown itemizes ten legal claims as follows: (1) denial of medical care, (2) inadequate medical care, (3) failure to supervise, (4) failure to intervene, (5) denial of treatment, (6) interference with medical judgment, (7) failure to carry out medical orders, (8) delay of access to treatment, (9) denial of medical needs by not efficiently responding to grievances, and (10) policy and customs. I understand these claims in substance to allege that defendants violated the Eighth Amendment by being deliberately indifferent to his serious medical needs and that they violated the First Amendment by failing to respond to grievances and interfering with his grievance rights.

### *Deliberate Indifference to Serious Medical Needs*

The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 492 U.S. 97, 104 (1976). A prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an objective requirement—that the prisoner's medical need was sufficiently serious (*i.e.*, that the prisoner suffered from an urgent medical condition involving a

3

risk of death, degeneration, or extreme pain). *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Second, there is a subjective requirement: that the defendant have acted recklessly (*i.e.*, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action). *See Spavone*, 719 F.3d at 138.

It is not enough to allege simple negligence or negligent medical malpractice; instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind with respect to the prisoner's medical needs. *See Hilton v. Wright*, 673 F.3d 120, 122–23 (2d Cir. 2012); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*). As with any § 1983 claim, a defendant must be personally involved in an alleged constitutional violation in order to be held liable. *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014).

Brown claims that Ruiz refused to make follow-up medical appointments with specialists who saw Brown for his pituitary adenoma, order blood work to monitor his condition, schedule MRIs as ordered by those specialists, and provide Brown with calcium supplements prescribed by those specialists. Doc. #1 at 4–5 (¶¶ 13, 15). Brown further alleges that Koslawy "made little if no attempt to aid in the needs of plaintiff to receive medication" necessary for treating his pituitary adenoma. *Id.* at 7–8 (¶ 28). In addition, Brown claims that Ruiz, Koslawy, and McClain intentionally "postponed, and or ignored specialist orders to schedu[le] appointment[s] . . . or prescribe necessary medici[nes] to aide in the prevention of further health risk," *id.* at 5 (¶ 18), and that Lavetc "aided Ruiz and Koslawy in the suppressive launch to deny medication." *Id.* at 9 (¶ 35–36).[2] I will allow Brown's deliberate indifference claims against Ruiz, Koslawy, McClain, and Lavetc to proceed.

---

[2] Brown names two other defendants in paragraph 18 of his complaint—Destephano and Letever—who are not otherwise named in the case caption. If Brown wishes to proceed against persons other than those named in the case

One aspect of Brown's claim for deliberate indifference to his serious medical needs is a a claim of failure to supervise, which requires a showing that a supervisor "acted with deliberate indifference to the possibility that [her] subordinates would violate [the plaintiff's] constitutional rights." *Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009).

Brown asserts that "since [his] 2016 arrival at Cheshire CI the inadequate standards have been enforced by Ricardo Ruiz M.D. [and] Nursing Supervisor Cindy Lavetc," who influenced lower-ranking staff members even through periodic staff turnover. Doc. #1 at 5 (¶ 16). Because Brown alleges sufficient facts to show that Ruiz and Lavetc were aware of (and took part in) violations of his Eighth Amendment rights, I will allow his claim of failure to supervise with respect to the deliberate indifference claim to proceed against them.

Brown also claims that Farinella did not effectively monitor the activities of Cheshire Correctional staff members that allowed for them to engage in a policy and custom of denying him care. *Id.* at 14. But because he does not allege any facts to show that Farinella was on notice of or personally involved in the actions that he alleges in his complaint, I will dismiss his claim alleging supervisory liability against her. *See Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

***Failure to Respond to and Interference with Grievances***

Brown alleges that defendants McClain, Karabesto, Lavetc, Ruiz, and Koslawy interfered with his efforts to use the formal grievance process to raise complaints about his medical care and undermined his attempts to "seek redress by not returning plaintiffs grievances, redirecting his grievances and abusing the Health Service Administrative System to punish" him. *Id.* at 6–7

---

caption of his complaint, he may file an amended complaint within 30 days that properly names such persons or entities in the case caption. *See* Fed. R. Civ. P. 10(a); *Rivera v. Tiernan*, 2019 WL 109345, at *1 n.2 (D. Conn. 2019).

(¶¶ 20–27); 10 (¶ 40). He also claims that Lavetc, Ruiz, and Koslawy acted in a manner to deter Brown from seeking review of his grievances regarding the quality of his medical care and that they convinced Karabesto to forward his grievances to them, and then ignore those grievances. *Id.* at 10 (¶ 38–39).

"It is well-established that inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures do[] not give rise to a cognizable § 1983 claim." *Solek v. Naqvi*, 2016 WL 7427213, at *3 (D. Conn. 2016) (internal quotation marks and citations omitted). Brown has not alleged a plausible claim for First Amendment retaliation, because he does not allege specific facts to suggest that the adverse action taken against him with respect to his grievances was because of his prior exercise of speech-protected activity. *See, e.g.*, *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). Nor does he allege facts to suggest that any grievance interference prevented him from the filing of a legal claim in violation of his rights of access to the courts under the First Amendment. *See, e.g.*, *Crenshaw v. Dondrea*, 278 F. Supp. 3d 667, 671 (W.D.N.Y. 2017); *Rickett v. Orsino*, 2013 WL 1176059, at *20, *report and recommendation adopted*, 2013 WL 1155354 (S.D.N.Y. 2013). Accordingly, I will dismiss Brown's claim for failure to respond to or interference with his grievances.

## CONCLUSION

For the foregoing reasons, the following claims are DISMISSED pursuant to 18 U.S.C. § 1915A(b)(1): Brown's claim of deliberate indifference to serious medical needs against Farinelli, and Brown's claim for failure to respond to or interference with grievances against all the defendants. I will allow the following claims to proceed: deliberate indifference to a serious medical needs against Ruiz, McClain, Lavetc, and Koslawy. This ruling is without prejudice to the rights of any defendant to seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses of defendants Ruiz, McClain, Lavetc, and Koslawy with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send plaintiff a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9)     Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 9th day of April 2019 at New Haven, Connecticut.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge